UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DONNIE CHUNN                                                                                    PLAINTIFF

V.                                                        CIVIL ACTION NO. 3:20-CV-00667-KHJ-BWR

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION                                                              DEFENDANT

ORDER

Before the Court is the Report and Recommendation ("Report") of United States Magistrate Judge Bradley W. Rath. [22]. For the following reasons, the Court adopts the findings and recommendations of the Magistrate Judge.

I.      Facts and Procedural History

Donnie Chunn filed a claim for Supplemental Security Benefits on November 21, 2018, for an alleged disability he claimed began on August 27, 2018. Admin. R. [12] at 14. Chunn attributed his disability to blindness in his left eye, torn ligaments in his right knee, depression, and other ailments. *Id.* at 310. On February 9, 2019, Chunn met with Dr. Nicholas Chamberlain, who found that Chunn suffered from "severe limitations . . . due to shoulder and right knee pain and weakness." *Id.* at 482. But a later x-ray of Chunn's knee and shoulder showed no abnormalities. *Id.* at 484, 494. Furthermore, Chunn's other medical history, including a consultation with Dr. Azhar Pasha on October 6, 2015, showed no signs of knee or shoulder injuries. *Id.* at 385-387, 442, 519, 550.

On August 26, 2019, Nurse Noel Palmer—who treated Chunn for an extended period at Weems Mental Health Center—stated in a medical opinion form that Chunn would have difficulty working at a regular job based on his history of depression, anxiety, and psychosis. *Id.* at 509. Contrarily, Dr. Jesse Dees and Dr. David Powers found that Chunn's depression was not severe and would not interfere with his ability to complete routine, repetitive work. *Id.* at 193. Other records from Weems Mental Health Center further suggested that Chunn's symptoms improved with medication and treatment. *See id.* at 421-471, 492-501, 509-541, 544-559.

After evaluating the evidence, the Commissioner denied Chunn's claim on April 18, 2019. *Id.* at 14. Upon reconsideration, the Commissioner denied his claim again the next month. *Id.* Then, at Chunn's request, an Administrative Law Judge ("ALJ") conducted a hearing on December 5, 2019, and a supplemental telephonic hearing on April 6, 2020. *Id.* Ultimately, the ALJ concluded that Chunn was not disabled as defined by the Social Security Act. *Id.* at 29. After the Appeal Council denied Chunn's request for review of the ALJ's decision, *id.* at 5, he petitioned for judicial review of his claim under 42 U.S.C. § 405(g). Compl. [1].

In his subsequent Motion for Summary Judgment, Chunn argued that the ALJ erred by disregarding the testimony of treating physician Dr. Chamberlain and Nurse Palmer when determining Chunn's residual functional capacity ("RFC"). *See* Br. Supp. Mot. Summ. J. [14]. Chunn alleges that the ALJ instead improperly relied on the testimony of Dr. Pasha and Dr. Powers, as well as past medical records

outside the scope of his period of alleged disability. *Id.* Upon review, the Magistrate Judge found substantial evidence to support the Commissioner's and ALJ's decisions to deny Chunn's claim. *See* [22]. Accordingly, the Magistrate Judge recommended denying Chunn's Motion for Summary Judgment and affirming the Commissioner's initial decision. *Id.* at 13. Chunn timely objected to the Magistrate Judge's Report, reasserting the arguments raised in his Motion for Summary Judgment. *See* Obj. R. & R. [23].

II. Standard

The Court reviews Chunn's objections to the Magistrate Judge's Report *de novo*. 28 U.S.C. § 636(b)(1)(C). The Court must uphold the Commissioner's decision to deny social security benefits if it is "supported by substantial evidence and . . . the Commissioner used the proper legal standards to evaluate the evidence." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000); 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance." *Newton*, 209 F.3d at 452. The Court should "not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for the Commissioner's, even if the evidence weighs against the Commissioner's decision." *Id.*

III. Analysis

The ALJ is solely responsible for determining a claimant's RFC. 20 C.F.R. § 404.1546(c); *Webster v. Kijakazi*, 19 F.4th 715, 718 (5th Cir. 2021). In making that determination, the ALJ "examines the medical evidence in the record, including the

testimony of physicians and the claimant's medical records." *Id.* But the ALJ's decision need not mirror a medical opinion. *Taylor v. Astrue*, 706 F.3d 600, 602-03 (5th Cir. 2012) (per curiam). Notably, the ALJ is "no longer required to give controlling weight to a treating physician's opinion." *Webster*, 19 F.4th at 718 (comparing 20 C.F.R. § 404.1527 (2016) with 20 C.F.R. § 404.1520c). Still, the ALJ "usually cannot reject a medical opinion without some explanation." *Id.* (citation omitted).

In deciding what weight—if any—to give a medical opinion, the ALJ considers a list of several factors. *Id.* (citing 20 C.F.R. § 404.1520c). The most important factors are "whether the source's medical opinion is based on 'objective medical evidence and supporting explanations' and the 'consistency' of the source's opinion with the evidence from other medical and nonmedical sources in the claim." *Id.* (quoting 20 C.F.R. § 404.1520c). But it is ultimately the ALJ's duty to determine what weight to give the medical evidence along with other relevant evidence to determine a claimant's capacity for work. *Taylor*, 706 F.3d at 603.

Chunn argues that the ALJ erred by disregarding the testimony of treating physicians Dr. Chamberlain and Nurse Palmer and giving more weight to the testimony of Dr. Pasha, Dr. Powers, and past medical records. *See* [14]; [23]. The ALJ, however, was not required to give controlling weight to Chamberlain's and Palmer's opinions. And in his decision, the ALJ explained why he ultimately rejected Dr. Chamberlain's and Nurse Palmer's opinions. *See* [12] at 19-26.

4

The ALJ found that their opinions were "not consistent with or supported by the overall evidence of record." *Id.* at 26. Regarding Dr. Chamberlain's opinion, the ALJ noted that the x-rays taken after Dr. Chamberlain's consultation, Dr. Pasha's 2015 medical evaluation, and other medical records reflected no reports of musculoskeletal problems and were inconsistent with Dr. Chamberlain's findings. *Id.* As for Nurse Palmer's opinion, the ALJ noted that Dr. Dees' and Dr. Powers' opinions and Nurse Palmer's own treatment records were inconsistent with a finding that Chunn's depression would severely impair his ability to work. *Id.* at 25-26. By explaining his rejection of the treating physicians' opinions, the ALJ complied with the requirements set forth in 20 C.F.R. § 404.1520c.

The only remaining issue, therefore, is whether substantial evidence supports the ALJ's findings. As noted above and demonstrated in the Administrative Record [12], the ALJ examined a prolific amount of information, including medical records, doctor's testimonies, and personal interviews with Chunn. Contrary to Dr. Chamberlain's opinion, significant evidence from the record shows Chunn's alleged knee and shoulder injuries would not severely impair his ability to perform basic work activities. This includes numerous medical records from different healthcare facilities, x-rays taken after Dr. Chamberlain's evaluation, and Dr. Pasha's medical opinion. *Id.* at 385-387, 442, 484, 494, 519, 550. Moreover, Dr. Chamberlain himself testified that he could not conclude whether Chunn's limitations were permanent or temporary because they were based on a single exam. *Id.* at 21. Likewise, substantial evidence counters Nurse Palmer's opinion that Chunn's depression

5

would severely impair his ability to perform basic work activities. This includes the medical opinions of Dr. Dees and Dr. Powers, as well as Nurse Palmer's own treatment records. *Id.* at 193, 421-471, 492-501, 509-541, 544-559.

In sum, the ALJ fulfilled his duty to weigh the medical evidence along with other relevant evidence to determine Chunn's capacity for work. There is sufficient evidence for a reasonable mind to support a conclusion that Chunn's physical and mental impairments are not severe enough to impair his ability to perform basic work. The Court will not "reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for the Commissioner's." *Newton*, 209 F.3d at 452. Accordingly, the Court overrules Chunn's objections and adopts the Magistrate Judge's findings in his Report.

IV.   Conclusion

The Court finds the Magistrate Judge's findings of fact and conclusions of law are correct. For the reasons stated in the Magistrate Judge's Report [22] and contained herein, the decision of the Commissioner should be affirmed.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Report and Recommendation [22] of United States Magistrate Judge Bradley W. Rath, entered in this case, should be adopted as the finding of this Court.

IT IS, FURTHER, ORDERED AND ADJUDGED that Chunn's Motion for Summary Judgment [13] is DENIED, the Commissioner's final decision is AFFIRMED, and this action is DISMISSED with prejudice.

A separate Final Judgment will issue this day.

SO ORDERED AND ADJUDGED, this the 13th day of September, 2022.

                                              s/ *Kristi H. Johnson*
                                              UNITED STATES DISTRICT JUDGE